## Ritter *v.* Northwestern Mutual Life Insurance Company, Appellant.

Argued January 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas F. Farrell,* with him *Kelly, Balentine, Fitz-gerald & Kelly,* for appellant.

*Stanley F. Coar, Thomas B. Miller* and *D. R. Reese,* for appellee, were not heard.

PER CURIAM, March 19, 1934:

Defendant appeals from the action of the court below in refusing its motions for judgment non obstante veredicto and for new trial. Plaintiff sued in assumpsit to recover the face value of a policy of insurance issued on the life of her deceased husband, Malcolm L. Ritter, dated July 10, 1931. The claim was contested by defendant on the ground that the insured committed suicide four months after taking out the policy, and that the insurance company was protected by a clause in the policy providing: "If within one year from the date hereof the insured shall die by his own hand, whether sane or insane, the liability of the company shall be limited to the amount of the reserve hereon." The affidavit of defense admits that the reserve amounts to $36.82. The issue thus raised was submitted to a jury, which rendered a verdict in favor of plaintiff.

Plaintiff's decedent died from the effects of carbon monoxide poisoning received in an automobile sales-room. Although some of the circumstances surrounding the death were suggestive of suicide, there were other

facts entirely consistent with the presumption that the insured came to his end accidentally and without design. The case, under the testimony, was clearly for the jury and was submitted in a charge free from reversible error. Any question as to suicide was determined by the verdict of the jury and we are concluded thereby.

Judgment affirmed.